MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIO GARCIA and LUIS ANGEL CORTE JARAMILLO, *individually and on behalf of others similarly situated,* | **Complaint** |
| *Plaintiffs,* | **Collective Action under 29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |
| CYCLONE AUTO BODY COLLISION, INC. (d/b/a CYCLONE AUTO BODY & COLLISION), DANIEL FABRO, and AMBROSE FABRO | |
| *Defendants.* | |

-----------------------------------------------------X

Mario Garcia and Luis Angel Corte Jaramillo ("Plaintiffs"), individually and on behalf of

others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C.,

upon their knowledge and belief, and as against Cyclone Auto Body Collision, Inc. (d/b/a

Cyclone Auto Body & Collision), Daniel Fabro and Ambrose Fabro (collectively, "Defendants"),

allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of Defendants Cyclone Auto Body Collision, Inc.

(d/b/a Cyclone Auto Body & Collision), Daniel Fabro, and Ambrose Fabro.

2.       Defendants own, operate, and/or control an auto body shop located at 3080

Cropsey Ave, Brooklyn, NY 11224 under the name Cyclone Auto Body & Collision.

3.      Plaintiffs were employed by defendants as body shop workers.

4.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours they worked each week. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs (and similarly situated employees) appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

5.      Further, Defendants failed to pay Plaintiffs (and similarly situated employees) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

7.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

8.      Plaintiffs now seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

2

9.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

10.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

11.     Plaintiff Mario Garcia ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in Kings County, New York. He was employed by Defendants from approximately August 2012 until on or about September 6, 2016.

12.     Plaintiff Luis Angel Corte Jaramillo ("Plaintiff Jaramillo" or "Mr. Jaramillo") is an adult individual residing in Kings County, New York. He was employed by Defendants from approximately 2008 until on or about September 6, 2016.

13.     Plaintiffs consent to being parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

14.     At all times relevant to this Complaint, Defendants own, operate, and/or control an auto body shop located at 3080 Cropsey Ave, Brooklyn, NY 11224, under the name Cyclone Auto Body & Collision.

15.     Upon information and belief, Cyclone Auto Body Collision, Inc. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 3080 Cropsey Ave, Brooklyn, NY 11224.

16.     Defendant Daniel Fabro is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Daniel Fabro is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

17.     Upon information and belief, Defendant Daniel Fabro possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, controls or controlled significant functions of Defendant Corporation.

18.     Defendant Daniel Fabro determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

19.     Defendant Ambrose Fabro is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ambrose Fabro is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

20.     Upon information and belief, Defendant Ambrose Fabro possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

21.     Defendant Ambrose Fabro determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate an auto body shop under the name "Cyclone Auto Body & Collision," located in Brooklyn, New York.

23.     Upon information and belief, individual defendants Daniel Fabro and Ambrose Fabro possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 e*t seq.* and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

28.     Upon information and belief, individual Defendants Daniel Fabro and Ambrose Fabro operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves by, among other things:

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    b.  defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c.  transferring assets and debts freely as between all Defendants;

    d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders;

    e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

    f.  intermingling assets and debts of their own with Defendant Corporation;

    g.  diminishing and/or transferring assets to protect their own interests; and

    h.  other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

30.     In each year from 2010 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at Cyclone Auto Body & Collision, such as paint and car repair supplies were produced outside the state of New York.

*Plaintiffs*

32.     Plaintiffs are former employees of Defendants, who were employed as body shop workers.

33.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mario Garcia*

34.     Plaintiff Garcia was employed by Defendants from approximately August 2012 until on or about September 6, 2016.

35.     Throughout his employment with defendants, Plaintiff Garcia was employed as a body shop worker.

36.     Plaintiff Garcia regularly handled goods in interstate commerce, such as paint and car repair supplies produced outside the state of New York.

37.     Plaintiff Garcia's work duties required neither discretion nor independent judgment.

38.     Plaintiff Garcia regularly worked in excess of 40 hours per week.

39.     From approximately August 2012 until on or about January 2013, Plaintiff Garcia worked from approximately 8:30 a.m. until on or about 7:00 p.m. five days a week (typically 52.5 hours per week).

40.     From approximately January 2013 until on or about August 2013, Plaintiff Garcia worked from approximately 4:00 a.m. until on or about 7:00 p.m. Mondays through Fridays and from approximately 9:00 a.m. until on or about 6:00 p.m. or 7:00 p.m. one or two days per week (during the weekends) (typically 84.5 or 94 hours per week).

41.     From approximately August 2013 until on or about September 6, 2016, Plaintiff Garcia worked from approximately 8:30 a.m. until on or about 7:00 p.m., Mondays through Fridays and from approximately 9:00 a.m. until on or about 6:00 p.m. or 7:00 p.m. on Saturdays (typically 62 hours per week).

42.     Throughout his entire employment with Defendants, Plaintiff Garcia was paid his wages in cash.

43.     From approximately August 2012 until on or about January 2013, defendants paid Plaintiff Garcia a fixed salary of $140 per day.

44.     From approximately January 2013 until on or about August 2013, defendants paid Plaintiff Garcia a fixed salary of $160 per day for his work on Mondays through Fridays and $150 per day for his work on Saturdays and Sundays.

45.     From approximately August 2013 until on or about September 6, 2016, defendants paid Plaintiff Garcia a fixed salary of $160 per day for his work on Mondays through Fridays and $150 per day for his work on Saturdays.

46.     Plaintiff Garcia was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected

his actual hours worked.

47.     Furthermore, throughout his entire employment, Defendants never provided Plaintiff Garcia with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

48.     No notification, either in the form of posted notices or other means, was given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

49.     Throughout his entire employment, Defendants never provided Plaintiff Garcia with each payment of wages a statement of wages, as required by NYLL 195(3).

50.     Defendants never provided Plaintiff Garcia, any notice in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51.     Defendants required Plaintiff Garcia to purchase "tools of the trade" with his own funds—including 10 boxes of gloves, one face mask per year and two pairs of boots per year. In addition, Plaintiff Garcia was required to replenish tools with his own funds that were destroyed during Hurricane Sandy.

*Plaintiff Luis Angel Corte Jaramillo*

52.     Plaintiff Jaramillo was employed by Defendants from approximately 2008 until on or about September 6, 2016.

53.     Throughout his employment with defendants, Plaintiff Jaramillo was employed as a body shop worker.

54.     Plaintiff Jaramillo regularly handled goods in interstate commerce, such as paint and car repair supplies produced outside the state of New York.

9

55.    Plaintiff Jaramillo's work duties required neither discretion nor independent judgment.

56.    Plaintiff Jaramillo regularly worked in excess of 40 hours per week.

57.    From approximately October 2010 until on or about January 2014, Plaintiff Jaramillo worked from approximately 8:30 a.m. until on or about 7:00 p.m. Mondays through Fridays and from approximately 9:00 a.m. until on or about 6:00 p.m. or 7:00 p.m. on three Saturdays each month (typically 52.5 to 62 hours each week).

58.    From approximately January 2014 until on or about August 2014 Plaintiff Jaramillo worked from approximately 8:30 a.m. until on or about 8:00 p.m. Mondays through Fridays, and from approximately 9:00 a.m. until on or about 8:00 p.m. on three Saturdays each month (typically 57.5 to 68.5 hours each week).

59.    From approximately August 2014 until on or about December 2014, Plaintiff Jaramillo worked from approximately 8:30 a.m. until on or about 7:00 p.m. Mondays through Fridays and from approximately 9:00 a.m. until on or about 6:00 p.m. or 7:00 p.m. on three Saturdays each month (typically 52.5 to 62 hours each week).

60.    From approximately December 2014 until on or about June 2015, Plaintiff Jaramillo worked from approximately 5:30 a.m. until on or about 9:00 p.m. Mondays through Fridays and from approximately 9:00 a.m. until on or about 6:00 p.m. or 7:00 p.m. on three Saturdays each month (typically 77.5 to 87 hours each week).

61.    From approximately June 2015 until on or about December 2015, Plaintiff Jaramillo worked from approximately 8:30 a.m. until on or about 9:00 p.m. Mondays through Fridays and from approximately 9:00 a.m. until on or about 6:00 p.m. or 7:00 p.m. on three Saturdays each month (typically 62.5 to 72 hours each week).

62.     From approximately December 2015 until on or about September 6, 2016, Plaintiff Jaramillo worked from approximately 8:30 a.m. until on or about 7:00 p.m. Mondays through Fridays and from approximately 9:00 a.m. until on or about 6:00 p.m. or 7:00 p.m. on three Saturdays each month (typically 52.5 to 62 hours each week).

63.     Throughout his entire employment with Defendants, Plaintiff Jaramillo was paid his wages in cash.

64.     From approximately October 2010 until on or about December 2015, defendants paid Plaintiff Jaramillo a fixed salary of $160 per day for his work on Mondays through Fridays and $150 per day for his work on Saturdays.

65.     From approximately December 2015 until on or about early August 2016, defendants paid Plaintiff Jaramillo a fixed salary of $200 per day for his work on Mondays through Fridays and $150 per day for his work on Saturdays.

66.     From approximately early August 2016 until on or about September 6, 2016, defendants paid Plaintiff Jaramillo a fixed salary of $200 per day.

67.     Plaintiff Jaramillo was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

68.     Furthermore, throughout his entire employment, Defendants never provided Plaintiff Jaramillo with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

69.     No notification, either in the form of posted notices or other means, was given to Plaintiff Jaramillo regarding overtime and wages under the FLSA and NYLL.

70.     Defendants never provided Plaintiff Jaramillo with each payment of wages a statement of wages, as required by NYLL 195(3).

71.     Defendants never provided Plaintiff Jaramillo, any notice in English and in Spanish (Plaintiff Jaramillo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

72.     Defendants required Plaintiff Jaramillo to purchase "tools of the trade" with his own funds—including mechanical tools, gloves, masks, and three pairs of boots per year. In addition, Plaintiff Jaramillo was required to replenish tools he lost during Hurricane Sandy.

*Defendants' General Employment Practices*

73.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40 hours per week without paying them appropriate overtime, and spread of hours compensation, as required by federal and state laws.

74.     Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper overtime compensation or spread of hours pay.

75.     Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the overtime hours they had worked.

76.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

77.     Plaintiffs were paid their wages entirely in cash.

78.     Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth the rate of minimum wage and overtime wage.

79.     Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

80.     By employing these practices, Defendants avoided paying Plaintiffs at the statutorily required overtime rate of time and a half for any of their hours worked in excess of forty (40) hours per week.

81.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

82.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

83.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

84.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of

pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

85.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

86.     Plaintiffs bring their FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

87.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

88.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them

the required overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

89.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

90.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

91.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92.     Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

93.     Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

95.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

97.     Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

99.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.     Defendants failed to pay Plaintiffs (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

101.     Defendants' failure to pay Plaintiffs (and the FLSA class members) an additional hour's pay for each day Plaintiffs' (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

102.     Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

103.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

105.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW)

106.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

107.     Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

108.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

109.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

110.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their job, such as face masks, boots, gloves, and mechanical tools, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

111.     Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA class members;

(e)      Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(h)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(i)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(j)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA class members;

18

(k)      Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n)      Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury

Dated:  New York, New York
        October 10, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
         Michael Faillace, Esq.

60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 8, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Luis Angel Corte Jaramillo

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    08 de octubre de 2016

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

October 8, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Mario Garcia

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          08 de octubre de 2016

*Certified as a minority-owned business in the State of New York*